Courtesy Copy

Counsel of Record:
Mark K. Schonfeld (MS-2798)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 4300
New York, NY 10281
(212) 336-1020
(212) 336-1322 (fax)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 5/18/07

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-against-**

**EMPIRE DEVELOPMENT GROUP LLC,**
**EMPIRE DEVELOPMENT GROUP FUND I,**
**CASTLE HILL VENTURES, LLC,**
**FELIX STRASHNOV a/k/a FELIX STRATON and,**
**MICHAEL AYNGORN,**

**Defendants.**

**07 Civ. 3896 )**

**ORDER TO SHOW CAUSE,**
**TEMPORARY RESTRAINING ORDER,**
**AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

The Securities and Exchange Commission has made an application for an Order:

(1) directing defendants Empire Development Group ("EDG"), Empire Development Group Fund I ("EDGFI"), Castle Hill Ventures, LLC ("Castle Hill"), Felix Strashnov a/k/a Felix Straton ("Straton") and Michael Ayngorn ("Ayngorn") (collectively the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

Faxed 5/18/07

(a) preliminarily enjoining the Defendants from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

(b) freezing the Defendants' assets;

(c) directing the Defendants to provide verified accountings updating the accountings required by Sections XI and XII below;

(d) prohibiting the destruction, alteration or concealment of documents.

(2) pending adjudication of the foregoing, an Order

(a) temporarily restraining the Defendants from violating the aforementioned statutes and rules;

(b) freezing the Defendants' assets;

(c) directing each of the Defendants to immediately provide the verified accountings described in Sections XI and XII below;

(d) prohibiting the destruction, alteration or concealment of documents; and

(e) providing that the parties may take expedited discovery in preparation for a preliminary injunction hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on May 18, 2007; (2) the Declaration of Terence Bohan, executed on May 16, 2007 and the Exhibits thereto; (2) the Declaration of Edward Janowsky executed on May 15, 2007 and the Exhibits thereto; (3) the Declaration of Meaghan Cheung pursuant to Local Rule 6.1, executed on May 18, 2007; and (4)

the memorandum of law in support of Plaintiff Commission's emergency application, dated May 17, 2007.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at 10:30 a.m. on the 4th day of June 2007, in Room 12C of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act and Section 21 of the Exchange Act, preliminarily enjoining (1) the Defendants from violating Sections 5(a), 5(c) and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

PKC

**II.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets,

funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| JP Morgan Chase | 051074032465 | Empire Development Group |
| Citibank, N.A. | 9964169100 | Empire Development Group |

III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and each of their

officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations.

IV.

**IT IS FURTHER ORDERED** that Defendants Straton and Ayngorn show cause at that time why this Court should not also enter an Order directing each of them to serve upon Plaintiff Commission, within ~~three (3)~~ five (5) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by the Defendant, under penalty of perjury, setting out such Defendant's assets, liabilities and general financial condition and updating to the date of the accounting any accounting previously provided by such Defendant pursuant to Section XI, herein. Each of these Defendants shall serve such sworn updated written accountings by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

V.

**IT IS FURTHER ORDERED** that Defendants EDG, EDGFI and Castle Hill show cause at that time why this Court should not also enter an Order directing each of them to file with this Court and serve upon plaintiff Commission, within ~~three (3)~~ five (5) business days, or within such extension of time as the Commission agrees to, a verified written accounting, signed by their president or the officer or employee of the Defendant who is most knowledgeable about

the assets, under penalty of perjury, setting out such Defendant's assets, liabilities and general financial condition and updating to the date of the accounting any accounting previously provided by such Defendant pursuant to Section XII, herein. Each of these Defendants shall serve such sworn updated written accountings by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

VI.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on the Commission, within ~~three (3)~~ five (5) business days following service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and the name and number on the account), telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from October 1, 2004 to the present.

VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them

who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert:

1. employing any devices, schemes, or artifice to defraud;

2. obtaining any money or property by means of, or otherwise making, any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, the advisory client, or any other person; or

4. engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert:

(1) unless a registration statement is in effect as to any security, (i) making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise, or (ii) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or delivery; or

(2) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal or stop order or (prior to the effective date of the registration statement) any public proceeding under Section 8 of the Securities Act,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind

whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, the Affiliated Entities, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts.

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| JP Morgan Chase | 051074032465 | Empire Development Group Fund I LLC |
| Citibank, N.A. | 9964169100 | Empire Development Group |

X.

Based upon sufficient showing for the interim relief sought, it appears from the evidence presented that the Defendants have violated, and, unless temporarily restrained, will continue to violate, Sections 5(a), 5(c) and 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint.

1. It appears that the Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing the

Defendants' assets, as specified herein, is necessary to preserve the *status quo,* to protect investors from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

2. It appears that an order requiring each of the Defendants to provide a verified accounting of their assets, money and property held directly or indirectly by the Defendants, or by others for the direct and indirect beneficial interest of the Defendants, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

3. It appears that the Defendants may attempt to destroy, alter or conceal documents.

5. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

6. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District. Accordingly,

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer,

reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase or sale of Castle Hill, EDG and EDGFI securities and the use of proceeds therefrom.

**XI.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each of Defendants Straton and Ayngorn shall file with this Court and serve upon Plaintiff Commission, within ~~three (3)~~ five (5) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by the Defendant, under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of such Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by such Defendant for his direct or indirect benefit from any other Defendant, at any time from October 1, 2004 through the date of such accounting, describing the amount, disposition and current location of each of the items listed;

(3) All money, property, assets and income received by such Defendant for the Defendant's direct or indirect benefit from any investor in, or shareholder of, Castle Hill, EDG and/or EDGFI, at any time from October 1, 2004 through the

date of such accounting, describing the amount, disposition and current location of each of the items listed;

(4) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of such Defendant;

(5) All assets, funds, securities, investments and real or personal property purchased or otherwise obtained by such Defendant, or any other person controlled by them, at any time from October 1, 2004 through the date of such accounting, and the amount, disposition and current location of each of the items listed; and

(6) All assets, funds, securities, investments and real or personal property held by such Defendant, or any other person controlled by them, on behalf of: (i) Castle Hill, EDG and/or EDGFI; and/or (ii) investors in, or shareholders of, Castle Hill, EDG and/or EDGFI, from October 1, 2004 to the date of the accounting, and the disposition of each of the items listed.

Each Defendant shall verify the Defendant's accounting and serve such sworn statements of asset identifying information by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

XII PKC

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each of the Defendants EDG, EDGFI and Castle Hill, shall file with this Court and serve upon Plaintiff Commission, within ~~three (3)~~ five (5) business days, or within such extension of time as the Commission agrees to, a verified written

accounting signed by the officer or employee of each such Defendant who is most knowledgeable about the assets, liabilities and general financial condition of such Defendant, if any, under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of such Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by such Defendant for his direct or indirect benefit from the other Defendants, at any time from October 1, 2004 through the date of such accounting, describing the amount, disposition and current location of each of the items listed;

(3) All money, property, assets and income received by such Defendant for the Defendant's direct or indirect benefit from any investor in, or shareholder of, Castle Hill, EDG and/or EDGFI, at any time from October 1, 2004 through the date of such accounting, describing the amount, disposition and current location of each of the items listed;

(4) The names, addresses and amount invested by each investor in EDG, EDGFI and Castle Hill from their inception;

(5) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of such Defendant;

(6) All assets, funds, securities, investments and real or personal property purchased

or otherwise obtained by such Defendant, or any other person controlled by them, at any time from October 1, 2004 through the date of such accounting, and the amount, disposition and current location of each of the items listed; and

(7) All assets, funds, securities, investments and real or personal property held by such Defendant, or any other person controlled by them, on behalf of: (i) Castle Hill, EDG and/or EDGFI; and/or (ii) investors in, or shareholders of, Castle Hill, EDG and/or EDGFI, from October 1, 2004 to the date of the accounting, and the disposition of each of the items listed.

Each Defendant and the officer or employee of the defendant who is most knowledgeable about the assets, liabilities and general financial condition of the Defendant, if any, shall verify the Defendant's accounting and serve such sworn statements of asset identifying information by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

XIII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f):

(1) The parties may take depositions, subject to ~~two (2) calendar~~ three (3) business days' notice by facsimile or otherwise;

business PKC

(2) The parties may obtain the production of documents, within three (3) ~~calendar~~ days from service by facsimile or otherwise of a request or subpoena from any persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney.

XIV.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants on or before 5PM, May ~~21~~ 18 2007, by personal delivery, facsimile, overnight courier, or first-class mail. PKC PKC

XV.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than 5 PM, May 24 2007, ~~at 4:00 p.m~~. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 4300, New York, New York 10281, Attn: Michael Paley, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until ________, May 30, 2007, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action. PKC PKC

XVI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

UNITED STATES DISTRICT JUDGE

Issued at : 12:55 p.m.
May 18, 2007
New York, New York