USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6-12-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

EMPIRE DEVELOPMENT GROUP LLC,
EMPIRE DEVELOPMENT GROUP FUND I,
CASTLE HILL VENTURES, LLC,
FELIX STRASHNOV a/k/a FELIX STRATON and,
MICHAEL AYNGORN,

    Defendants.

----------------------------------------x

07 Civ. 3896 (PKC)

## PRELIMINARY INJUNCTION ORDER

The Court has considered the application by the Plaintiff Securities and Exchange Commission (the "Commission") for an order: (a) preliminarily enjoining the Defendants Empire Development Group ("EDG"), Empire Development Group Fund I ("EDGFI"), Castle Hill Ventures, LLC ("Castle Hill"), Felix Strashnov a/k/a Felix Straton ("Straton") and Michael Ayngorn ("Ayngorn") (collectively the "Defendants") from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (b) freezing the Defendants' assets; (c) directing the Defendants to provide verified accountings updating the accountings previously submitted; and (d) prohibiting the destruction, alteration or concealment of documents and for other equitable relief; and

The Court has considered (1) the Complaint filed by the Commission on May 18, 2007; (2) the Declaration of Terrence P. Bohan, executed on May 16, 2007 and the Exhibits thereto; (3) the Declaration of Edward Janowsky executed on May 15, 2007 and the Exhibits thereto; (4) the Declaration of Meaghan Cheung pursuant to Local Rule 6.1, executed on May 18, 2007; (5) the memorandum of law in support of Plaintiff Commission's emergency application, dated May 17, 2007; (6) the Amended Reply Declaration of Terrence P. Bohan In Further Support of the Plaintiff's Emergency Application for Temporary Restraining Order, Preliminary Injunction Asset Freeze, Order to Show Cause, And Other Relief executed on June 4, 2007 and the Exhibits thereto; and (7) the Declaration of Edward Janowsky In Further Support of the Plaintiff's Emergency Application for Temporary Restraining Order, Preliminary Injunction Asset Freeze, Order to Show Cause, and Other Relief executed on June 4, 2007; and

The Defendants have been served with the Order to Show Cause, Temporary Restraining Order and Order Freezing Assets and Granting Other Relief entered by the Court on May 18, 2007 (the "Prior Order"), and supporting papers; and a hearing having been held in this matter on June 4, 2007.

Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein and that the Commission has made a sufficient showing that:

1. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Sections 21(d), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 77u(e) and 78aa, and venue lies in this District.

2. The Defendants have violated, and, unless restrained and enjoined, will likely continue to violate, Sections 5(a), 5(c) and 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint. Specifically:

   a. Defendants sold securities through unregistered offerings to at least 100 investors and raised approximately $2.9 million. Defendants made material misrepresentations in connection with the sale of these securities including misrepresenting to investors how the proceeds of the offerings would be used; materially misrepresenting the risks associated with the offered securities; and failing to comply with the registration requirements imposed on parties marketing securities to the individual investors who, based on their income and net worth, are not "accredited" investors for purposes of the securities laws.

   b. Defendants misrepresented to investors that Empire Development Group was registered with the Commission and that the company's shares would soon be publicly traded. Defendants further misrepresented that Empire Development Group was a successful real estate investment company, when in fact Empire had no operations or revenues other than investor funds. Defendants used investor funds for, among other things, their personal expenditures, including the purchase of a Corvette, gym memberships, children's clothing, car leases for the individual defendants and their wives, and doctors' bills. Defendants used investor funds to purchase properties in their own names, including one property used as a personal residence.

   *PKC*

3

    c. Of the approximately $2.9 million raised from investors, Defendants appear to have spent $1,030,000 on their own salaries, $2,300 per month on their health insurance, $5,100 per month to lease cars for themselves and their families, and $450 per month on garage fees. They appear to have spent no more than $633,000 on the two properties that comprise the total of Empire's real estate holdings. Title to those properties is held, not in Empire's name, but in the names of the individual defendants or their wives.

3. Unless restrained or enjoined, Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. An Order freezing the Defendants' assets, subject to the limited exceptions in Paragraphs IV and V herein, is necessary to preserve the *status quo*, to protect investors from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of ill-gotten gains and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

4. In order to recover a portion of the Defendants' ill-gotten gains, the real estate, specifically properties at 2359 Royce Street, Brooklyn, New York (the "Brooklyn Property") and 2 Harris Place, Fairlawn, New Jersey (the "New Jersey Property") (collectively, the "Properties"), that properly belongs to Empire, shall be sold and the proceeds held in a court registry account pending further order of the Court. All net proceeds recovered from the sale of these properties will constitute ill-gotten gains that will be used in partial satisfaction of the

4

~~Defendants' disgorgement obligations and/or payment of~~ any civil penalties imposed in this ~~matter.~~   PKC

5. During much of Empire's existence, Defendants Straton and Ayngorn used their wives' bank accounts to deposit checks they received from Empire. Straton and Ayngorn used these accounts, and funds drawn from Empire, to pay their personal living expenses.

6. An order requiring Defendants Straton and Ayngorn to provide updated verified accountings of the assets, money and property held directly or indirectly by, or for the benefit of, the Defendants, including those in the names of their wives and minor children, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

7. An order requiring Defendants to provide a verified accounting of all funds paid by any Defendant to Mayer Ayngorn or entities partly or wholly owned or controlled by Mayer Ayngorn, including Exclusive Homes Inc. and MZR Homes and Real Estate Development Inc. is necessary to effectuate and ensure compliance with the freeze imposed on Defendants' assets.

**NOW, THEREFORE,**

I.

**IT IS ORDERED** that, pending the Court's final adjudication of this matter, Defendants, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, email service, or otherwise, are restrained and enjoined from, directly or indirectly, singly or in concert:

    1. employing any devices, schemes, or artifice to defraud;

2. obtaining any money or property by means of, or otherwise making, any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, or any other person; or

4. engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**II.**

**IT IS FURTHER ORDERED** that, pending the Court's final adjudication of this matter, the Defendants, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, email service, or otherwise, are restrained and enjoined from, directly or indirectly, singly or in concert:

(1) unless a registration statement is in effect as to any security, (i) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, or (ii) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or delivery; or

6

(2) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal or stop order or (prior to the effective date of the registration statement) any public proceeding under Section 8 of the Securities Act,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

III.

**IT IS FURTHER ORDERED** that, pending the Court's final adjudication of this matter, Defendants Straton and Ayngorn shall file with this Court and serve upon Plaintiff Commission, within five (5) business days, or within such extension of time as the Commission agrees to, an updated version of the verified written accountings filed on May 25, 2007, signed by the Defendant, under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Defendants Straton and Ayngorn, including in the names of their wives and minor children, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All assets, funds, securities, investments and real or personal property purchased or otherwise obtained by such Defendant, or any other person controlled by them,

7

including in the names of their wives and minor children, at any time from October 1, 2004 through the date of such accounting, and the amount, disposition and current location of each of the items listed;

(3) An accounting of all funds transferred to Mayer Ayngorn or companies partly or wholly owned or controlled by Mayer Ayngorn, including, but not limited to, Exclusive Homes and MZR Homes and Real Estate Development from October 1, 2004 to the present;

(4) All assets, funds, securities, investments and real or personal property held by such Defendant, or any other person controlled by them, including their wives and minor children, on behalf of: (i) Castle Hill, EDG and/or EDGFI; and/or (ii) investors in, or shareholders of, Castle Hill, EDG and/or EDGFI, from October 1, 2004 to the date of the accounting, and the disposition of each of the items listed;

(5) All assets, funds, securities, investments and real or personal property available for use in paying for any living expenses Defendants claim in response to Section V of this Order.

Each Defendant shall verify the Defendant's accounting and serve such sworn statements of asset identifying information by hand delivery, email, facsimile transmission to (212) 336-1322, or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

8

IV.

**IT IS FURTHER ORDERED** that:

a. Defendants shall use their best efforts to cause the Properties to be sold in an arms length transaction and all proceeds (less sums due on mortgages incurred in connection with their purchase) to be immediately deposited in a court registry account. Defendants shall retain a professional, licensed, real estate broker, acceptable to the Commission, within 10 days of the entry of this Order. Defendants shall provide specific notice of this Order to the real estate broker retained.

b. Defendants shall present all offers of sale for the Properties to the Commission, within 48 hours of receipt, and to obtain the Commission's approval before accepting any offer of sale.

c. Defendants shall provide the Commission with ten days notice of any closing for the sale of the Properties, including the date, time and location of the closing, the names and contact information for the purchasers and the names and contact information for any attorneys representing the defendants and the purchasers in the transaction.

d. Defendants agree to provide specific notice of this Order to prospective purchasers of the Properties at or before the contract signing. Any proceeds from sale of the Properties after satisfaction of the mortgages will be paid by the purchaser directly to a Court Registry (CRIS) account at the closing of the sale of

9

the property. Such proceeds shall be used in partial satisfaction of the Defendants' disgorgement obligations and/or to pay any civil penalties imposed in this matter. The Defendants shall not assert a claim against the sale proceeds.

e. Defendants shall produce at time of closing on the sale of the Properties, releases from all title holders of the Properties relinquishing any claim to the Properties.

f. Defendants shall notify the Commission of any liens or other third-party encumbrances on Properties within 24 hours of notice thereof to any Defendant.

V.

**IT IS FURTHER ORDERED** pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other

10

property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| JP Morgan Chase | 051074032465 | Empire Development Group |
| Citibank, N.A. | 9964169100 | Empire Development Group |

The provisions of this paragraph V. shall not prevent Defendants Straton and Ayngorn and their wives from using any salary earned after May 18, 2007 to pay the necessary and reasonable living expenses for themselves and their families provided that the following conditions are satisfied within five (5) business days of the entry of this Order:

    a.    Defendants Straton and Ayngorn shall submit documentary evidence, such as pay stubs, that establishes that they have obtained employment, the name and location of the employer, and the amount of their respective weekly salaries;

    b.    Defendants Straton and Ayngorn may each open a new bank account solely for the purpose of depositing any salary earned from any such new employment provided Straton and Ayngorn provide the identity of any new bank accounts, including the name and location of the bank and the account number(s) for all new accounts, and monthly account statements, to the Commission staff within three (3) business days of receipt;

    c.    Defendants Straton and Ayngorn shall each provide a verified, detailed accounting of their family's monthly expenses;

11

of their family's monthly expenses;

d. Defendants Straton and Ayngorn will identify all of their wives' bank accounts and provide balances for each of their wives' bank accounts as of May 17, 2007 and current balances as of the date of the entry of this Order; and

e. Defendants Straton and Ayngorn shall each provide the identity of their wives' employers and provide the amount of salary each of the wives earn on a weekly basis.

## VI.

**IT IS FURTHER ORDERED** that pending a final disposition in this action, the Defendants, and any person or entity acting at their direction or on their behalf, are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that Defendants EDG, EDGFI and Castle Hill shall file with this Court and serve upon plaintiff Commission, within ten (10) business days, or within such extension of time as the Commission agrees to, a verified written accounting, signed

the assets, under penalty of perjury, setting out such Defendant's assets, liabilities and general financial condition and updating to the date of the accounting any accounting previously provided by such Defendant pursuant to Section XII of the Prior Order. Each of these Defendants shall serve such sworn updated written accountings by hand delivery, email, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Michael Paley, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281.

## VIII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f):

(1) The parties may take depositions, subject to five (5) business days' notice by facsimile or otherwise;

(2) The parties may obtain the production of documents, within five (5) business days from service by facsimile or otherwise of a request or subpoena from any persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, email, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney.

13

### IX.

IT IS FURTHER ORDERED that no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall file a lien against the Properties or otherwise take any action to interfere with the sale of the Properties or the use of the proceeds as set forth in this Order.

### X.

IT IS FURTHER ORDERED that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, email service, facsimile service, or otherwise.

Dated: New York, New York
June 12, 2007

12:23 pm

_____
The Honorable P. Kevin Castel
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK