UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**Securities and Exchange Commission**  :
                                        :   07 Civ. 3896 (PKC)
            Plaintiff                   :
                                        :   **Empire Development Group, LLC**
    -against-                           :   **Answer and Affirmative Defenses**
                                        :
**Empire Development Group LLC,**       :
**Empire Development Group Fund I LLC,**:
**Castle Hill Ventures, LLC, Felix Strashnov** :
**a/k/a Felix Straton and Michael Ayngorn,** :
                                        :
            Defendants,                 :
------------------------------------------------------------- X

Defendant Empire Development Group, LLC ("Empire" or "Defendant"), by its attorneys, McCormick & O'Brien, LLP, respectfully provides the following Answer and Affirmative Defenses in response to Plaintiff Securities and Exchange Commission's ("SEC" or "Plaintiff") Complaint.

## ANSWER

1.     Defendant admits the allegations set forth in paragraphs 3, 9, 10, 12, 13, 15, 17, 18, 19, 21, 22, 25, 32, 36 – 40, 42, 44, 45, 46, 50, 52-54, and 58-62 of the Complaint.

2.     Defendant denies knowledge sufficient to form a belief as to the allegations set forth in paragraphs 20, 24, 28- 34, 55, 56 and 57 of the Complaint. With regard to paragraphs 28-34, while the Complaint does not identify the persons referred to as Investor A and Investor B, on May 25, 2007, the SEC took the testimony of William K. Kolb ("Mr. Kolb") and his son. Upon information and belief, Investor A, is Mr. Kolb. Mr. Kolb testified that he was uncertain as to when he received all of the various documents he received in connection with his investment in Empire. He did indicate, however, that he had invested in real estate and one private placement

<u>prior</u> to Empire. Mr. Kolb also indicated that he had inherited a significant amount of money from his late brother-in-law's estate in excess of four million dollars. Furthermore, Mr. Kolb's son testified that his father had invested in several other private placements. Mr. Kolb's son indicated that he became concerned about his father's investment in Empire when his father showed him a private placement memorandum. He felt that Defendant Felix Strashnov ("Strashnov") and Defendant Michael Ayngorn ("Ayngorn") were being paid too much money based on the disclosure contained in the private placement memorandum.

To date, Empire has not been provided with any information about the deposition of Investor B.

3. Defendant denies the allegations set forth in Paragraphs 4, 6 and 27 of the Complaint.

4. Paragraphs 7, 8, 23, 35 of the Complaint contain conclusions of law to which no answer is required.

5. Answering Paragraph 1 of the Complaint, Empire admits that it is a real estate development company and that Empire Development Group Fund I, LLC ("EDGFI") was organized for that purpose, admits that they have been in business since December 2004, and denies the remaining assertions set forth in paragraph 1 on the Complaint.

6. Answering Paragraph 2 of the Complaint, Defendant admits that it sold securities through the 2004 and 2006 PPM, denies knowledge sufficient to form a belief as to whether investors "based on their income and net worth, are not "accredited" investors for the purposes of the securities laws. This paragraph contains a conclusion of law to which no answer is required.

7. Answering Paragraph 5 of the Complaint, Defendant admits that it was Strashnov's "dream" for Empire to go public and that Empire was not close to doing so. Further, Defendant admits that correspondence stating 'that such registration was the "first step to allow EDG..."

was sent to investors. Defendant denies knowledge sufficient to form a belief regarding all remaining statements.

8. Answering Paragraph 11 of the Complaint, Defendant admits that it used communications in interstate commerce during the course of its business. Defendant denies knowledge sufficient to form a belief regarding all remaining statements.

9. Answering Paragraph 14 of the Complaint, Defendant admits the first and second sentences asserted in this paragraph, and denies that any funds obtained by Defendants continue to be held in the name of Defendant Castle Hill Ventures, LLC ("Castle Hill"). Defendants Ayngorn and Strashnov were the principals of Castle Hill.

10. Answering Paragraph 16 of the Complaint, Defendant admits that Ayngorn is a managing member of EDG, that Ayngorn is a resident of Brooklyn and that he does not possess any securities licenses. Defendant denies knowledge or information sufficient to form a belief as the remaining allegations set forth in this paragraph.

11. Answering Paragraph 26 of the Complaint, Defendant denies that its office was a "boiler room", admits that it maintain colored brochures at their offices and denies the remaining assertions.

12. Answering Paragraph 41 of the Complaint, Defendant denies the assertion that Empire and EDGFI have not purchased any properties, but admits that the properties were purchased in Strashnov's and Ayngorn's names and have been held by Strashnov and Ayngorn on Defendant's behalf.

13. Answering Paragraph 43 of the Complaint, Defendant admits that the blueprints are labeled "Strashnov Residence". Defendant denies knowledge sufficient to form a belief regarding all remaining statements.

14.     Answering Paragraph 47 of the Complaint, Defendant admits the facts asserted in this paragraph, and clarifies that the property was transferred in order to avoid a mechanics lien.

15.     Answering Paragraph 48 of the Complaint, Defendant admits that other than the two properties, Defendant has no other sources of revenue or property, but has a few minor assets. Defendant admits that it has little if any money in the bank and the properties, expenses, salaries and working capital have depleted the funds raised in the Offerings.

16.     Answering Paragraph 49 of the Complaint, Defendant again asserts that the properties were purchased for Empire and EDGFI and nominally held by Strashnov and Ayngorn – therefore, neither the PPMs nor letters to shareholders stated that investor funds would be used to purchase personal properties for the Ayngorn and Strashnov.  Defendant admits that the November PPM stated that Empire would hold title directly, through special purpose entities, or jointly with joint venture partners.

17.     Answering Paragraph 51 of the Complaint, Defendant admits that a sheet entitled "Instructions to view SEC Filings" was circulated to investors and that this sheet was not a registration statement.  Defendant denies the remaining insinuations contained in this paragraph.

18.     Answering Paragraph 63 of the Complaint, Defendant admits that Strashnov told the SEC's staff that Empire was operating in the "red", does not have financial statements, has not sold a single property and has purchased the properties (held nominally by Strashnov and Ayngorn).  Defendant denies knowledge sufficient to form a belief as to the remaining statements.

### As and For the First Alleged Cause of Action

19.     Answering Paragraph 64 of the Complaint, Defendant repeats, reiterates and realleges each and every admission and denial set for in paragraphs 1 through 18 inclusive of this Answer with the same force and effect as if herein set forth.

20.     Paragraphs 65 and 67-69 contain conclusions of law to which no answer is required.

21.     Answering Paragraph 66 of the Complaint, Defendant repeats, reiterates and realleges each and every admission and denial set for in paragraphs 1 through 20 inclusive of this Answer with the same force and effect as if herein set forth..

### As and For the Second Alleged Cause of Action

22.     Answering Paragraph 70 of the Complaint, Defendant repeats, reiterates and realleges each and every admission and denial set for in paragraphs 1 through 21 inclusive of this Answer with the same force and effect as if herein set forth.

23.     Paragraphs 71 and 72 contain conclusions of law to which no answer is required.

### AFFIRMATIVE DEFENSES

**Empire and EDGFI did not violate the anti-fraud provisions of Section 17(a) of the Securities Act of 1933, and Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5.**

24.     To prove that Empire and EDGFI violated Sections 17(a) of the Securities Act and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), the SEC must establish that (1) in connection with the offer and sale of securities; (2) Empire and EDGFI engaged in a scheme to defraud when it made untrue statements, omitted material facts, and engaged in transactions, practices or courses of business that operated as a fraud or deceit upon the investor; (3) Empire and EDGFI's misrepresentations or omissions were material, such that a reasonable investor would consider the misrepresented or omitted facts to be important in making an investment

decision; and (4) Empire and EDGFI acted with the requisite scienter, in that they intended to deceive, manipulate or defraud investors, and acted recklessly. 15 U.S.C. §§ 77j(b) and 77q(a); See TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976); Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988); Aaron v. SEC, 446 U.S. 680, 701 (1980); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 (1976); Edward J. Mawod & Co. v. SEC, 591 F.2d 588, 595-97 (10th Cir. 1979).

25. After establishing a fraud, the SEC must also show that Empire and EDGFI used the means and instrumentalities of interstate commerce in connection with the fraud. 15 U.S.C. §§ 77q(a), 78j(b); 17 C.F.R. § 240.10b-5. The SEC must prove these elements by preponderance of evidence. See Herman & MacLean v. Huddleston, 459 U.S. 375, 387 (1983).

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, or alternatively, judgment limiting its liability pursuant to the foregoing, together with the costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper under the circumstances.

Date: July 6, 2007
New York, New York

Respectfully submitted,

Liam O'Brien, Esq.
McCormick & O'Brien, LLP
42 West 38th Street
Suite 701
New York, New York 10018
Telephone (866) 853-0931
Facsimile (212) 504-9574

*Attorney for Defendant*
*Empire Development Group LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,   :
:
Plaintiff,   :
:                          **Affidavit of Service**
- against -   :                          07 Civ. 3896 (PKC)
:
Empire Development Group LLC, Empire   :
Development Group Fund I, Castle Hill Ventures,   :
Felix Strashnov a/k/a Felix Stratton and Michael   :
Ayngorn   :
:
Defendants,   :
:

---

I, Leonard T. Offutt, declare under penalty of perjury that I have served a copy of the attached Answer and Affirmative Defenses of Defendant Empire Development Group, LLC by facsimile transmission to (212)336-1322 to Plaintiff's counsel, Michael Birnbaum, Esq., Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281 on July 6, 2007.

July 6, 2007
New York, New York

_Leonard T. Offutt_
Leonard T. Offutt
42 West 38th Street, 7th Floor
New York, New York 10018

Sworn to me this
6th day of July, 2007

_Notary Public_
Notary Public

RAJPREET KOCHHAR, Esq.
Notary Public, State of New York
No. 02K06111043
Qualified in New York County
Commission Expires July 01, 20__
June