UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**Securities and Exchange Commission**          :
                                               : 07 Civ. 3896 (PKC)
           Plaintiff          :
                                               : **Empire Development Group, LLC's**
     -against-          : **Reply to Plaintiff's**
                                               : **Rule 56.1 Statement of**
**Empire Development Group LLC,**          : **Undisputed Facts**
**Empire Development Group Fund I LLC,**          :
**Castle Hill Ventures, LLC, Felix Strashnov**          :
**a/k/a Felix Straton and Michael Ayngorn,**          :
                                               :
          Defendants,          :
------------------------------------------------------------ X

Pursuant to Local Civil Rule 56.1, Defendant Empire Development Group, LLC ("Empire" or "Defendant"), by its attorneys, McCormick & O'Brien, LLP, respectfully provides the following Reply in response to Plaintiff Securities and Exchange Commission's ("SEC" or "Plaintiff") Statement of Undisputed Facts in Support of its Motion for Summary Judgment.

**Relevant Parties**

1.    Agree.

2.    Agree.

3.    Agree.

4.    Agree.

**Defendant's Securities Offerings**

5.    Agree.

6.    Agree.

7.    Agree. Defendant would like to note, however, that it did account for a majority of the $2.9 million. *See generally* Plaintiff's Exhibits 6, 12 and 13.

1

**Section 5 Violations**

8. Agree.

9. Agree.

10. Disagree. Empire targeted accredited investors and paid a company named "Codebusters" to provide them with accredited investor leads. *See* Plaintiff's Exhibit 21 (pages 40 - 43, 141) and Plaintiff's Exhibit 22 (page 65). Despite Plaintiff's assertions to the contrary, Empire does not admit that it sold securities to unaccredited investors. Furthermore, the Investor Questionnaires produced by Plaintiff as Exhibits 8-10 are incomplete and inaccurate. For example, Plaintiff deposed a Mr. William A. Kolb whose questionnaire is Plaintiff's Exhibit 8. Mr. Kolb stated on the questionnaire that he had been a painter with an income under the $200,000 required by Rule 501 of Regulation D. However, in his deposition, Mr. Kolb admitted that he had inherited a significant amount of money from his wife-- in excess of four million dollars – and had experience investing in real estate and private placements. This information was not included in his questionnaire. So, although Mr. Kolb did not meet one definition of "accredited investor", he did meet another exception. Empire is not certain how many other investor depositions were taken.

11. Agree.

**Fraudulent Misrepresentations and Omissions**

12. Agree and disagree. Defendant did state that it planned on using the offering proceeds to conduct (i) real estate market research and project feasibility studies, (ii) the acquisition of raw land and improved parcels, (ii) acquisition of raw land and improved parcels, (iii) development expenses (including, but not limited to, legal services, architectural services, engineering services, building materials, building contractor services, other labor/finance related costs), (iv)

2

liability and other insurance premiums, (v) unit marketing expenses and (vi) general working capital (including, but not limited to, salaries). Defendant asserts that the foregoing representations were <u>not</u> misrepresentations. Defendant was not able to conduct all of the above activities because it only raised a fraction of the capital it was attempting to raise. With the capital it obtained, however, Defendant was able to purchase the Brooklyn and Fairlawn properties and to pay its monthly expenses. *See generally* Plaintiff's Exhibit 6 and Exhibit 22 (page 47). Defendant also paid for construction services on both the Fairlawn and Brooklyn properties. *See* Plaintiff's Exhibit 6 (page 5). It paid Defendant Michael Ayngorn's ("Ayngorn") and Defendant Felix Strashnov's ("Strashnov") salaries and also those of the sales associates who worked for Defendant. *See* Plaintiff's Exhibit 6 (page 2), 12 (page 2), 13 (page 3), 21 (pages 46; 55 - 57) and 22 (pages 90 - 91).

13. Agree.

14. Disagree. Ayngorn was paid approximately $710,000 <u>in salary</u> <u>in total from 2004</u>, and Strashnov was paid approximately $320,000 <u>in salary</u> <u>in total from 2004</u>. *See* Plaintiff's Exhibits 12 (page 2) and 13 (page 3).

15. Agree.

16. Disagree and agree. Defendant did represent to investors that it intended to take steps to register with the SEC. This representation was not a deliberate misrepresentation however. Strashnov believed that Defendant's attorneys had registered Defendant with Plaintiff. *See* Plaintiff's Exhibit 22 (page 83 - 90).

17. Disagree and agree. Defendant did send a letter containing the quoted language to its investors, but this representation was not a deliberate misrepresentation. Strashnov believed that

Defendant's attorneys had registered Defendant with Plaintiff. *See* Plaintiff's Exhibit 22 (page 83 - 90).

18. Agree.

19. Agree.

20. Agree.

21. Agree.

22. Agree and disagree. Defendant did state that it had partnered with "one of the leading builders in the Northeast." Defendant did hire Ayngorn's father – who has a construction company – and paid him for the work his company conducted on Defendant's properties. Defendant legitimately hired Ayngorn's father to work on the Fairlawn and Brooklyn properties. *See* Plaintiff's Exhibit 6 (page 5).

23. Agree.

24. Agree and disagree. While Defendant did state that "Management is expecting the majority of the share allocations going primarily to institutional investments", Strashnov explained in his deposition that he had discussed pipeline financing with Defendant's corporate counsel. Institutional investors were an avenue that Defendant was beginning to explore and consider. *See* Plaintiff's Exhibit 22 (Pages 245 - 248).

25. Agree.

26. Disagree. Plaintiff points to page 9 of its Exhibit 20 as evidence that Strashnov intended to use the Fairlawn property as his own personal residence. Nothing on page 9 supports this assertion.

**Additional Material Facts**

27. Empire denies Plaintiff's assertion that Empire and Defendant Empire Development Group Fund I, LLC have not purchased any properties and have no real estate assets. The properties were purchased in Strashnov's and Ayngorn's names on Empire's behalf to facilitate mortgage approval. *See* Plaintiff's Exhibit 21 (pages 101 – 104), Exhibit 22 (pages 113 – 118), Exhibit 12 (page 4), Exhibit 13 (page 5) and Exhibit 6 (page 1). In addition, Ayngorn has stated that the property located in Brooklyn was further transferred from him to his wife in order to avoid a mechanics lien. *See* Plaintiff's Exhibit 21 (pages 98 -100). Therefore, neither the PPMs nor the letters to shareholders stated that investor funds would be used to purchase personal properties for the Ayngorn and Strashnov – because funds were not used to purchase personal properties for Ayngorn and Strashnov -- Empire disputes Plaintiff's assertion that Empire misrepresented this fact.

Date:  October 3, 2007
       New York, New York

Respectfully submitted,

Liam O'Brien, Esq.
McCormick & O'Brien, LLP
42 West 38th Street
Suite 701
New York, New York 10018
Telephone (866) 853-0931
Facsimile (212) 504-9574
*Attorney for Defendant*
*Empire Development Group LLC*

To: Securities and Exchange Commission
    Doria Stetch, Esq.
    New York Regional Office
    3 World Financial Center
    New York, NY 10281
    (212)336-1020

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**Securities and Exchange Commission**                       :
                                                             :     **07 Civ. 3896 (PKC)**
                  Plaintiff                                  :
                                                             :     **Empire Development Group, LLC**
           -against-                                         :     **Reply to Plaintiff SEC's**
                                                             :     **Motion for Summary Judgment**
**Empire Development Group LLC,**                            :
**Empire Development Group Fund I LLC,**                     :
**Castle Hill Ventures, LLC, Felix Strashnov**               :
**a/k/a Felix Straton and Michael Ayngorn,**                 :
                                                             :
                  Defendants,                                :
------------------------------------------------------------ X

      Defendant Empire Development Group, LLC ("Empire" or "Defendant"), by its attorneys, McCormick & O'Brien, LLP, respectfully provides the following Reply in response to Plaintiff Securities and Exchange Commission's ("SEC" or "Plaintiff") Motion for Summary Judgment.

## ARGUMENTS

### A.  Plaintiff Has Failed to Meet the Requirements for a Summary Judgment Motion.

      The purpose of the summary judgment procedure is to decide whether or not there are any remaining unresolved issues of material fact. Whether a genuine dispute of material fact exists and, if not, what the ruling of law should be, requires the reviewing court to resolve all inferences to be drawn from the papers against the moving party.

      Plaintiff argues in its Motion that all material facts in this matter have been definitively resolved and established. Empire, however, argues that material issues of fact still remain, such as:

1

a. First, as Empire stated in its Answer dated July 6, 2007, and as evidenced by the depositions of Defendant Felix Strashnov ("Strashnov") (Plaintiff's Exhibit 22, page 65) and Defendant Michael Ayngorn ("Ayngorn") (Plaintiff's Exhibit 21, pages 40, 42, 141), a factual issue remains as to whether Empire's investors represented themselves as "accredited" investors.

b. Second, Empire denies that its November 1, 2004 private placement memorandum, its October 23, 2006 private placement memorandum (collectively, the "PPMs") and the letters it sent to its stockholders contained material misrepresentations and omissions.

c. Third, Empire denies Plaintiff's assertion that Empire and Defendant Empire Development Group Fund I, LLC have not purchased any properties and have no real estate assets. The properties were purchased in Strashnov's and Ayngorn's names on Empire's behalf to facilitate mortgage approval. In addition, Ayngorn has stated that the property located in Brooklyn was further transferred from him to his wife in order to avoid a mechanics lien. Therefore, neither the PPMs nor the letters to shareholders stated that investor funds would be used to purchase personal properties for the Ayngorn and Strashnov – because funds were not used to purchase personal properties for Ayngorn and Strashnov -- Empire disputes Plaintiff's assertion that Empire misrepresented this fact.

d. Fourth, as Empire has previously set forth, it did not engage in a general solicitation to sell units but narrowed its attempts to solicit investors.

e. Fifth, although Plaintiff alleges that Empire paid Maer Ayngorn approximately $200,000 "despite the absence of any contract", Plaintiff fails to mention that the payments were made in connection with work that Mr. Ayngorn's construction company conducted on the Fairlawn and Brooklyn properties.

Too many issues remain with respect to the facts at hand. In addition, Plaintiff recites the facts as if Empire agrees to its interpretation, and then relies on its interpretation in making its arguments for summary judgment. However, Empire disputes Plaintiff's recitation of the facts and asserts that Plaintiff has failed to produce sufficient evidence supporting its recitation. Therefore, Plaintiff's Motion for Summary Judgment must fail.

**B.     Empire and EDGFI have not violated the Federal Securities Laws by Defrauding Investors.**

1.  *Plaintiff has not established that Empire violated Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act").*

Despite Plaintiff's assertions to the contrary, Empire does not admit that it sold securities to unaccredited investors. Empire targeted accredited investors. Empire's counsel was only present during the deposition of one investor, a Mr. Kolb. Although Mr. Kolb stated that he had been a painter, and his income had been under the $200,000 required by Rule 501 of Regulation D, he also admitted that he had inherited a significant amount of money – in excess of four million dollars. So, although Mr. Kolb did not meet one definition of "accredited investor", he did meet another exception.

Plaintiff has failed to establish that Empire violated Sections 5(a) and 5(c) of the Securities Act and therefore Plaintiff's Motion for Summary Judgment must fail.

2.  *Plaintiff has not established that Empire violated Sections 17(a) of the Securities Act and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act").*

In order to establish that Empire violated Sections 17(a) of the Securities Act and 10(b) of the Exchange Act, Plaintiff must establish that (1) in connection with the offer and sale of securities; (2) Empire engaged in a scheme to defraud when it made untrue statements, omitted material facts, and engaged in transactions, practices or courses of business that operated as a fraud or deceit upon the investor; (3) Empire misrepresentations or omissions were material,

such that a reasonable investor would consider the misrepresented or omitted facts to be important in making an investment decision; and (4) Empire acted with the requisite scienter, in that they intended to deceive, manipulate or defraud investors, and acted recklessly. 15 U.S.C. §§ 77j(b) and 77q(a); See TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976); Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988); Aaron v. SEC, 446 U.S. 680, 701 (1980); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 (1976); Edward J. Mawod & Co. v. SEC, 591 F.2d 588, 595-97 (10th Cir. 1979).

After establishing a fraud, Plaintiff must also show that Empire used the means and instrumentalities of interstate commerce in connection with the fraud. 15 U.S.C. §§ 77q(a), 78j(b); 17 C.F.R. § 240.10b-5. Plaintiff must prove these elements by preponderance of evidence. See Herman & MacLean v. Huddleston, 459 U.S. 375, 387 (1983).

Plaintiff has failed to meet this standard and therefore Plaintiff's Motion for Summary Judgment must fail.

### C. The Court should not issue a permanent injunction nor order penalties against Empire.

Plaintiff has failed to meet the standards necessary for summary judgment. Accordingly, a permanent injunction in this matter is not appropriate at this time and the Court's June 12, 2007 Order should remain.

Furthermore, the parties are in the process of selling Empire's properties located in Fairlawn, New Jersey and Brooklyn, New York. A closing with respect to the Fairlawn property should be scheduled within the next week or two. With respect to the Brooklyn property, the parties are considering a proposal and should make a decision shortly. The Court should delay its decision to further order payments and penalties until such sales are finalized.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Motion for Summary Judgment in its entirety, or alternatively, judgment limiting its liability pursuant to the foregoing, together with the costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper under the circumstances.

Date:   October 3, 2007
        New York, New York

                                          Respectfully submitted,

                                          _____
                                          Liam O'Brien, Esq.
                                          McCormick & O'Brien, LLP
                                          42 West 38th Street
                                          Suite 701
                                          New York, New York 10018
                                          Telephone (866) 853-0931
                                          Facsimile (212) 504-9574

                                          *Attorney for Defendant*
                                          *Empire Development Group LLC*

To:  Securities and Exchange Commission
     Doria Stetch, Esq.
     New York Regional Office
     3 World Financial Center
     New York, NY 10281
     (212)336-1020

5